**James Earl SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 54786.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 20, 1978.

Izak D. Gregory and Edgar A. Mason, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Steve Wilensky and Paul Macaluso, Asst. Dist. Attys., Dallas, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for unlawful possession of a firearm by a felon.[1] Upon a plea of not guilty, appellant was convicted by a jury which assessed punishment at eight years' imprisonment.

We are confronted at the outset with fundamental error in the jury charge that requires reversal in the interest of justice. Article 40.09(13), Vernon's Ann. C.C.P.; Article 36.19, Vernon's Ann. C.C.P.

The record reflects that on September 8, 1970, an indictment was filed in the Criminal District Court No. 5 of Dallas County charging appellant with the offense of robbery under the former Penal Code. Article 1408, V.A.P.C., (1925). Appellant was brought to trial on this indictment, and on November 6, 1970, he was convicted of the

---

1. V.T.C.A., Penal Code, provides in relevant part that:

"Sec. 46.05. Unlawful Possession of Firearm by Felon

"(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives."

lesser included offense of assault with intent to commit robbery, Article 1163, V.A.P.C. (1925),[2] and placed on probation which was subsequently revoked on March 17, 1972. Appellant served a two-year sentence and was discharged. On March 25, 1975, appellant was found in possession of a .25 caliber automatic pistol while he was away from the premises where he lived.

Omitting the formal portions, the indictment charged that appellant:

". . . did unlawfully, knowingly and intentionally possess a firearm, to-wit: a handgun, away from the premises where he lived, and . . . that prior to the commission of the aforesaid offense by said defendant, to—wit: on the 10th day of August A.D. 1970,[3] in Cause No. C70–6507–ML, in the Criminal District Court No. 5 of Dallas County, Texas, styled the state of Texas vs. James Earl Smith, *the said defendant was duly and legally convicted of an offense of Robbery, . . .*" (Emphasis supplied).[4]

At the guilt-innocence stage, the court instructed the jury as follows:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 22nd day of March, 1975 in Dallas County, Texas, the defendant did then and there intentionally or knowingly possess, away from the premises upon which he lives, a handgun, to wit, a pistol, and that the said defendant, James Earl Smith, had theretofore, to wit, on the 10th day of August, 1970 in the Criminal District Court Number Five of Dallas County, Texas, in Cause Number C–70–6507–ML, styled The State of Texas versus James Earl Smith, been convicted of *a felony involving an act of violence to a person, to wit, robbery, or its lesser included offense of assault with intent to commit robbery, then you will find the defendant guilty as charged.*" (Emphasis supplied).

Thus, in applying the law to the facts in its instructions to the jury, the court not only authorized the jury to convict appellant if they found that he had been previously convicted of the offense of robbery as alleged in the indictment; but, the court also allowed the jury to convict appellant if they found that he had been previously convicted for the offense of assault with intent to commit robbery, a theory not alleged in the indictment.

It is well established that a jury charge is fundamentally defective if it authorizes conviction on a theory not supported by the indictment. This charge, then, was fundamentally erroneous and the cases of *Armstead v. State*, 573 S.W.2d 231 (Tex.Cr.App. 1978); *Smith v. State*, 570 S.W.2d 958 (Tex. Cr.App.1978); *West v. State*, 567 S.W.2d 515 (Tex.Cr.App.1978), and *Davis v. State*, 557 S.W.2d 303 (Tex.Cr.App.1977), require that we reverse appellant's conviction. See also Article 36.19, supra.

The judgment is reversed and the cause remanded.

---

**2.** Under the former Penal Code, the offense of robbery was a Title 17 Offense Against Property and the offense of assault with intent to rob was a Title 15 Offense Against the Person.

**3.** Although the present indictment alleges that appellant was previously convicted for the offense of robbery on August 10, 1970, the record indicates that appellant was in fact convicted on November 6, 1970, for the offense of assault with intent to commit robbery.

**4.** We express no opinion on the validity of this indictment; however, see and compare *Mendoza v. State*, 460 S.W.2d 145 (Tex.Cr.App.1970) and *Waffer v. State*, 460 S.W.2d 147 (Tex.Cr.

App.1970), which held that where a prior conviction for burglary was relied upon to invoke Sec. 46.05, supra, the indictment must allege and the evidence must show that the prior conviction involved an act of violence. But see *Scott v. State*, 571 S.W.2d 893 (Tex.Cr.App. 1978), wherein we held that the offense of robbery by assault is a felony involving violence or threatened violence against a person as a matter of law and therefore it was not necessary for the State to present evidence regarding the circumstances of the commission of the offense.