Lee Andrew MORING, Appellant,

v.

The STATE of Texas, Appellee.

No. 60001.

Court of Criminal Appeals of Texas,
Panel No. 3.

Dec. 19, 1979.

Rehearing En Banc Denied Jan. 16, 1980.

Frank Blazek, Huntsville, for appellant.

Erwin G. Ernst, Dist. Atty., Huntsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for murder, wherein the jury assessed punishment at fifty (50) years.

In his sole ground of error, appellant contends that the trial court fundamentally erred in its charge to the jury, in that the charge authorized conviction for murder on a theory not alleged in the indictment. We agree. V.T.C.A. Penal Code, Sec. 19.02, provides that:

"(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual . . . "

The indictment alleged that appellant "intentionally and knowingly cause[d] the death of Matthew O'Bryant by shooting him with a gun."

The trial court charged the jury on both theories, rather than just that charged in the indictment. The charge stated:

"Our law provides that a person commits murder if he intentionally or knowingly causes the death of an individual, *or intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.*

Now if you believe from the evidence beyond a reasonable doubt that the defendant, Lee Andrew Moring, did intentionally or knowingly in Walker County, Texas, on or about the 7th day of July 1977, cause the death of Matthew O'Bryant by shooting him with a pistol, *or that the defendant did then and there intend to cause serious bodily injury to the said Matthew O'Bryant and with said intent to cause such injury did commit an act clearly dangerous to human life,* to wit: shooting the said Matthew O'Bryant with a pistol and causing the death of the said Matthew O'Bryant, then you will find the defendant guilty of murder." (Emphasis added)

It is fundamental error for the court's charge to authorize conviction on a theory not alleged in the indictment. See *Gooden v. State,* 576 S.W.2d 382 (Tex.Cr. App.1979); *Davis v. State,* 557 S.W.2d 303 (Tex.Cr.App.1977); *Whitlow v. State,* 567 S.W.2d 522 (Tex.Cr.App.1978); *Shaw v. State,* 557 S.W.2d 305 (Tex.Cr.App.1977). Cf. *Plunkett v. State,* 580 S.W.2d 815 (Tex. Cr.App.1979) (on Motion for Rehearing).

Accordingly, the judgment is reversed and the cause remanded.