Yvonne Marie STEWART, Appellant,

v.

The STATE of Texas, Appellee.

No. 58359.

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 19, 1979.

Rehearing En Banc Denied Jan. 16, 1980.

Will Gray, Houston, court appointed, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, and James T. Jordan, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

This is an appeal from a conviction for the offense of murder wherein the jury assessed punishment at confinement in the Texas Department of Corrections for a term of years.

At the outset we are met with appellant's contention that the trial court erred in that its jury charge authorized a conviction for murder on a theory not alleged in the indictment. We agree and, accordingly, must reverse the judgment below.

The indictment in pertinent part alleged that appellant did:

" . . . intentionally and knowingly cause the death of Shirdie Tates by cutting and stabbing him with a knife . ."

However, in applying the law to the facts, the trial court charged the jury as follows:

"Now if you should find and believe from the evidence beyond a reasonable doubt that on or about the 17th day of June, 1976, in Harris County, Texas, the defendant, Yvonne Marie Stewart, did intentionally or knowingly cause the death of Shirdie Tates by cutting and stabbing him with a knife *or did then and there intend to cause serious bodily injury to the said Shirdie Tates and with said intent to cause such injury did commit an act clearly dangerous to human life, to-wit, cutting and stabbing Shirdie Tates with a knife and causing the death of the said Shirdie Tates as alleged in the indictment,* then you will find the defendant guilty of murder." [1]

Appellant was clearly charged with murder under the ambit of V.T.C.A. Penal

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**538**

Code, § 19.02(a)(1), which provides that a person commits an offense if he "intentionally or knowingly causes the death of an individual." Yet a perusal of the jury charge reveals that the jury was in fact authorized to find appellant guilty of murder not only under § 19.02(a)(1), the theory charged in the indictment, but also under § 19.02(a)(2), which provides that a person commits an offense if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." This Court has consistently held that where the trial court's application of the law to the facts includes and consequently authorizes a conviction on a theory not alleged in the indictment, fundamental error exists. See, e. g., *Smith v. State,* 574 S.W.2d 551 (Tex.Cr.App. 1978); *Bridges v. State,* 574 S.W.2d 143 (Tex.Cr.App.1978); *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App.1978).

The State, however, relies on *Plunkett v. State,* 580 S.W.2d 815 (Tex.Cr.App.1979) (on rehearing), for the proposition that the additional language contained in the instant charge is surplusage and that fundamental error is therefore not reflected. An examination of the respective jury charges reveals that the State's contention is without merit.

In *Plunkett,* supra, a majority of this Court on its own motion for rehearing held that, while the charge in *Plunkett* was erroneous, it did not authorize a conviction on a theory not alleged in the indictment. The majority reached this result by pointing out that in instructing the jury on the abstract law the trial court incorrectly included an alternative means of committing murder, yet the affirmative application of the law to the facts did not contain this alternative theory. Instead, the affirmative application of the law to the facts authorized a conviction if, and only if, the jury found beyond a reasonable doubt that the accused did intentionally or knowingly cause the death of an individual by striking her with his hands.

In the instant case, the application of the law to the facts, unlike *Plunkett, did* contain an alternative theory under which conviction could be had. This was clearly fundamental error, see *Plunkett v. State,* supra, at 822, n.2, and this conviction must be set aside.

For the error found, the judgment is reversed and the cause remanded.