Moses BENTACUR, Appellant,

v.

The STATE of Texas, Appellee.

No. 58405.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 30, 1980.

Robert Nino and Romeo Rodriguez, Houston, Richard Haynes, Houston, on appeal only, for appellant.

William A. Meitzen, Dist. Atty. and Thomas R. Culver, III, Asst. Dist. Atty., Richmond, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction for the offense of murder on a jury verdict.

At the outset we are confronted with fundamental error in the charge to the jury that requires reversal in the interest of justice. Article 40.09(13), V.A.C.C.P.

Omitting the formal parts, the indictment charged that appellant did:

" . . . intentionally and knowingly cause the death of an individual, Dionicio Garcia, by shooting him with a gun."

In applying the law to the facts in its charge to the jury, however, the trial court charged:

"Now if you should find and believe from the evidence beyond a reasonable doubt that . . . the defendant . . . did intentionally and knowingly cause the death of Dionicio M. Garcia by shooting him with a firearm, to wit, a gun, *or did then and there intend to cause serious bodily injury to the said Dionicio M. Garcia and with said intent to cause such injury did commit an act clearly dangerous to human life, to wit: shooting at Dionicio M. Garcia with a gun and causing the death of the said Dionicio M. Garcia,* as alleged in the indictment, then you will find the defendant guilty of murder."[1]

Appellant was clearly charged with murder under the ambit of V.T.C.A. Penal Code, § 19.02(a)(1), which provides that a person commits an offense if he "intentionally or knowingly causes the death of an individual." Yet the charge authorized the jury to find appellant guilty of murder not only under § 19.02(a)(1), the theory charged in the indictment, but also under § 19.02(a)(2), which provides that a person commits an offense if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual." This Court has consistently held that where, in applying the law to the facts, the charge includes and consequently authorizes a conviction on a theory not alleged in the indictment, fundamental error exists. See, e. g., *Smith v. State,* 574 S.W.2d 551 (Tex.Cr.App.1978); *Bridges v. State,* 574 S.W.2d 143 (Tex.Cr.App.1978); *Garcia v. State,* 574 S.W.2d 133 (Tex.Cr.App.1978).

Indeed, we have only recently found fundamental error in charges authorizing an alternative theory of conviction in murder cases which tracked the defect in the instant charge. *Stewart v. State,* 591 S.W.2d 537 (Tex.Cr.App.1979); *Moring v. State,* 591 S.W.2d 538 (Tex.Cr.App.1979).

For the error pointed out above, the judgment is reversed and the cause remanded.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.