**Jose Luis INFANTE & Ismael Vasquez, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60159.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 11, 1981.

Homero M. Lopez, Brownsville, for appellant.

Selden N. Snedecker, Dist. Atty., Joe K. Hendley, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and ODOM, JJ.

## OPINION

ODOM, Judge.

This is an appeal from convictions for murder. Both appellants were tried in a single action before a jury. Appellant Ismael Vasquez was sentenced to thirty years' confinement; appellant Jose Luis Infante was assessed punishment at fifteen years' confinement.

Appellants contend[1] that the trial court committed fundamental error in authorizing the jury to convict if it found that the crime was committed in a manner not alleged in the indictment. The indictment alleged that *both* appellants,

"did then and there unlawfully, intentionally and knowingly kill Miguel Vas-

quez by shooting him with a firearm, to wit, a gun. . . ."

The jury, however, was charged,

"Now if you find . . . the Defendants . . . did intentionally and knowingly cause the death of Miguel Vasquez by shooting him with a firearm, to wit: a gun, *or did then and there intend to cause serious bodily injury to the said Miguel Vasquez* and with said intent to cause such injury *did commit an act clearly dangerous to human life,* to wit: shooting the said Miguel Vasquez with a firearm, to wit, a gun and *causing the death of the said Miguel Vasquez,* as alleged in the indictment, then you will find the Defendants guilty of murder." (Emphasis added.)

It is argued that the indictment alleges that the offense of murder was committed in the manner described by V.T.C.A., Penal Code Sec. 19.02(a)(1) but that the jury charge allowed the jury to convict if it found that the offense was committed either in the manner described in 19.02(a)(1) *or* 19.02(a)(2) of the Penal Code. Appellant contends that this is fundamental error in the charge.

 The jury charge clearly went beyond the allegations of the indictment in its authorization for a guilty verdict. Such a charge is fundamentally defective. See e. g. *Garcia v. State,* Tex.Cr.App., 574 S.W.2d 133, 134; *Donald v. State,* Tex.Cr.App., 574 S.W.2d 119, 120; *Robinson v. State,* Tex.Cr. App., 553 S.W.2d 371, 374–75. Hence, at this point both appellants are entitled to a new trial due to the defective charge.

Appellant Infante, however, further challenges the sufficiency of the evidence to sustain his conviction. The evidence concerning this appellant's involvement in the murder was presented through Antonio Garcia, an accomplice witness, and Irma Vasquez, the widow of the victim. Garcia, Ismael Vasquez, Miguel Vasquez, and Jose Infante had been drinking together the day in question, and had, at one point that

---

1. The briefs filed by the attorneys are far from complying with the requirements of Art. 40.-09(9) and (10), V.A.C.C.P. However, we con-

sider the contentions addressed herein under authority of Art. 40.09(13), V.A.C.C.P.

evening, stopped along a rural road. An argument between Ismael and Miguel Vasquez ensued. Garcia testified that appellant Ismael Vasquez actually shot the victim. After the victim was shot several times, Infante stated to Vasquez, according to Garcia, "Give me the gun. I will finish him." Garcia then explained,

> "Well I don't know from there—He got the gun. And then I ran to the car.... When I turned back, I heard, you know, 'Are you going to shoot him or not?' ... Well I just heard shots right there."

The victim's wife testified to dying declarations which her husband made to her during hospital visits. This evidence showed Infante was present when the murder was committed.

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense. Art. 38.14, V.A.C.C.P.

To test the sufficiency of the corroboration of the testimony of an accomplice witness we eliminate the evidence of the accomplice from consideration and then examine evidence of other witnesses to ascertain if there be any inculpatory evidence or evidence of an incriminating character which tends to connect the accused with the commission of the offense. If there is such evidence, the corroboration is sufficient, otherwise, it is not. *Cherb v. State*, Tex.Cr. App., 472 S.W.2d 273, 279.

Applying this test to appellant's case we find the nonaccomplice witness testimony establishes his presence at the scene. Such evidence is sufficient under Art. 38.14, supra, to sustain this conviction. See *Browning v. State*, Tex.Cr.App., 451 S.W.2d 234, 236.

Due to the error in the jury charge discussed above, the judgments are reversed and the cause remanded.