**Howard Daniel WARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60242.**

Court of Criminal Appeals of Texas, Panel No. 2.

May 20, 1981.

Jim D. Rudd, Brownfield, for appellant.

E. W. Boedeker, Dist. Atty. and Warren J. New, Asst. Dist. Atty., Levelland, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This is an appeal from a conviction in which the punishment assessed by the jury is ninety nine years.

Initially we observe a matter which must be addressed in the interest of justice. See Article 40.09, § 13, V.A.C.C.P.

The indictment returned against appellant in this cause alleged that he did,

"intentionally and knowingly cause the death of Donald Ray Weaver by shooting him with a gun."

However, in applying the law to the facts of the case, the trial court authorized the jury to return a verdict of guilty if they found from the evidence beyond a reasonable doubt that,

"on or about the 7th day of June, 1977 in Terry County, Texas, the defendant, Howard Daniel Ward, did intentionally or knowingly cause the death of Donald Ray Weaver by shooting him with a gun, *or did then and there intend to cause serious bodily injury to the said Donald Ray Weaver and with said intent to cause such injury did commit an act clearly dangerous to human life, to wit, shooting Donald Ray Weaver with a gun and causing the death of the said Donald Ray Weaver,* as alleged in the indictment, . . . ."

The State's charging instrument alleged that appellant committed murder as proscribed by V.T.C.A. Penal Code, § 19.-02(a)(1), which provides that a person commits an offense if he "intentionally or knowingly causes the death of an individual." Yet the jury instructions authorized appellant's conviction not only under § 19.-02(a)(1), supra, but also under § 19.02(a)(2) which provides that a person commits an offense if he "intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual."

This authorization of a murder conviction on a theory not alleged in the indictment constitutes fundamental error. *Infante and Vasquez v. State,* 612 S.W.2d 603 (Tex.Cr. App.1981); *Bentacur v. State,* 593 S.W.2d 686 (Tex.Cr.App.1980); *Moring v. State,* 591 S.W.2d 538 (Tex.Cr.App.1980); *Stewart v. State,* 591 S.W.2d 537 (Tex.Cr.App.1980).

The judgment of conviction is reversed and this cause is remanded.

DALLY, Judge, concurring.

I concur in the result; see my concurring opinion on appellant's motion for rehearing in *Gooden v. State,* 576 S.W.2d 382 (Tex.Cr. App.1979).