Joe Alfred CEVALLOS, Appellant,

v.

STATE of Texas, Appellee.

No. 01–81–0041–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 4, 1982.

Discretionary Review Granted
March 30, 1983.

Donald W. Rogers, Jr., Houston, for appellant.

Charles J. Sebesta, Jr., Caldwell, for appellee.

Before EVANS, C.J., and DOYLE and STILLEY, JJ.

DOYLE, Justice.

Appellant was indicted for the felony offense of murder and was convicted by a jury of the lesser included offense of voluntary manslaughter. Punishment was assessed at five years. The appellant was thereafter sentenced to serve not less than two nor more than five years. On appeal appellant asserts two grounds of error.

Appellant under his first ground of error challenges the sufficiency of the evidence, contending that it was insufficient to support his conviction in that there was no evidence to show a necessary element of voluntary manslaughter, to-wit: "sudden passion arising from an adequate cause". Tex.Penal Code Ann. § 19.04(b) (Vernon 1974). The State counters that even if the evidence did not show that the offense was committed under the influence of sudden passion arising from an adequate cause, the conviction should be sustained since sufficient evidence was introduced to support a finding of guilt on the greater offense of murder.

The record reveals that appellant's infant son died after being treated for internal injuries allegedly inflicted by appellant when he hit the child because it was crying and holding its breath.

We shall first consider appellant's ground of error number two directed at the court's charge. Appellant submits that the charge is fundamentally defective and erroneous because it authorizes conviction for the offense of voluntary manslaughter on a theory not alleged in the indictment.

The indictment in pertinent part provided that appellant: "did then and there intending to cause serious bodily injury to an individual, . . . intentionally commit an act clearly dangerous to human life, to-wit: did then and there beat the said Joe Alfred Cevallos, . . . about the head with his fists, thereby causing the death of said individual."

The court's charge and instruction on voluntary manslaughter in pertinent part reads as follows:

A person commits the offense of voluntary manslaughter if he intentionally causes the death of an individual under the immediate influence of sudden passion arising from an adequate cause.

\* \* \* \* \* \*

Therefore, if you believe from the evidence beyond a reasonable doubt, that the defendant, Joe Alfred Cevallos, A/K/A Freddie Cevallos, did, in Washington County, Texas, on or about the 28th day of February, 1979, intentionally cause the death of an individual, to wit: Joe Alfred Cevallos, Jr., . . . by beating the said Joe Alfred Cevallos, Jr., . . . about the head with his fists, and you further find beyond a reasonable doubt that, at the time the death was caused, the defendant was acting under the immediate influence of sudden passion arising from an adequate cause, you will find the defendant guilty of voluntary manslaughter. . . .

The foregoing charge tracks Sec. 1904(a) of the Penal Code and also combines a portion of Sec. 1902(a)(1). Our case thus falls squarely within the facts and law of *Colbert v. State,* 615 S.W.2d 754 (Tex.Cr.App.1981), where the court in finding the indictment fundamentally defective said:

The record thus reveals that appellant had been indicted for murder pursuant to V.T.C.A. Penal Code, Sec. 19.02(a)(1). However, the court's charge to the jury authorized a conviction under theories of voluntary manslaughter pursuant to Sec. 19.04(a), supra, coupled with both Sec. 19.02(a)(1), supra, and Sec. 19.02(a)(2), supra, whereas the indictment was drafted only under Sec. 19.02(a)(1), supra. The court's charge therefore authorized the jury to convict appellant under a theory which was not included in the indictment. Under this Court's holdings in *Young v. State,* 605 S.W.2d 550, (Tex.Cr.App.), and *Garcia v. State,* 574 S.W.2d 133, (Tex.Cr. App.), such a charge is fundamentally defective.

It is to be noted that the State in its brief concedes that the court's charge was erroneous, but poses the question: "How was Appellant harmed by the erroneous charge?" In every case we could find touching upon this identical type of charge, the Court of Criminal Appeals has not considered the question of whether there was harm to the accused, but has reversed and remanded on the basis that a fundamentally defective charge "is calculated to injure the rights of the appellant and it therefore deprives him of a fair and impartial trial." *Colbert v. State,* supra; *Ward v. State,* 615 S.W.2d 752 (Tex.Cr.App.1981).

In view of our holding on fundamental error, appellant's other errors need not be reached.

The judgment of the trial court is reversed and remanded.