**Earl Douglas CHEW, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–81–00438–CR.

Court of Appeals of Texas, Dallas.

Aug. 13, 1982.

Richard Alan Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Kris Weaver, Asst. Dist. Atty., for appellee.

Before ROBERTSON, STEPHENS and VANCE, JJ.

VANCE, Justice.

Appellant was indicted[1] and tried for murder. A jury after finding him guilty of the lesser included offense of aggravated assault, assessed his punishment at confinement for five years.

On appeal a single ground of error is asserted. Appellant contends that the trial court committed error in its charge during the guilt/innocence phase of the trial, in that it charged on a theory not alleged in the indictment. We disagree, and thus affirm.

The evidence reveals that during the evening hours, on February 8, 1980, the appellant and several other men were in the kitchen area of a private residence shooting dice. There were several women in the living room of this residence. Appellant upon leaving the kitchen was shortly thereafter seen in the living room with a handgun. One of the women upon seeing the gun pushed him out the front door. The decedent came out of the kitchen, went outside and began arguing with the appellant. Appellant testified that the decedent threatened him, telling him "I'm going to kick your ass" and moments later saying "I'm going to kill you." Appellant testified that he was afraid of the decedent and that he was in fear of his life when he shot the decedent. Appellant testified that he "really didn't want to shoot him, but I had no alternative." Appellant further testified that he "wasn't intending to kill him," that he was intending to shoot him for whatever effect it had to keep him from hurting him.

The court charged the jury on the law of the lesser included offense of aggravated assault.[2] In connection therewith, the court defined "serious bodily injury."[3] In applying the law to the facts, as related to the lesser included offense of aggravated assault, the charge in Paragraph No. 7 stated:

Now therefore, if you find and believe from the evidence, beyond a reasonable doubt, that on or about the 9th day of February, 1980, in Dallas County, Texas, the defendant, Earl Douglas Chew, did then and there intentionally or knowingly cause *serious bodily injury* to Woodrow Tobin, Jr., by shooting the said Woodrow Tobin, Jr., with a deadly weapon, to-wit: a handgun, then you will find the defendant guilty of the offense of aggravated assault. (Emphasis supplied).

Appellant contends that the above application of the law, on the lesser included offense, allows the jury to convict on a theory broader than that alleged in the indictment. The court's charge on aggravated assault authorized conviction if the jury found that appellant caused serious bodily injury, that is, *not only* death, but also

1. Pertinent part of indictment alleges that appellant . . .

   [D]id then and there unlawfully then and there knowing (sic) intentionally cause the death of Woodrow Tobin, Jr., an individual by shooting the said Woodrow Tobin, Jr., with a deadly weapon, to-wit: a handgun . . .

2. We do not pass on whether the offense of aggravated assault was properly raised. A problem may arise here in view of the intent to kill presumed from death resulting from the use of a deadly weapon in a deadly manner. *See Simpkins v. State,* 590 S.W.2d 129, 134

(Tex.Cr.App.1979). If an intent to kill is presumed and the injury causes death, the offense becomes either murder or voluntary manslaughter rather than aggravated assault.

3. Charge provided:

   By the term "serious bodily injury" is meant bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

bodily injury that creates a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ, whereas, the indictment alleged only that the appellant *caused the death.* Appellant argues that this is the third kind of error discussed in *Cumbie v. State,* 578 S.W.2d 732, 734 (Tex.Cr.App.1979), which is committed when the charge to the jury authorizes conviction on the theory alleged in the indictment and on one or more other theories not alleged in the indictment.

*Cumbie* -type error in the trial court's charge on a lesser included offense has been found only when the indictment alleges murder and the court was charged on the lesser included offense of voluntary manslaughter. *See Colbert v. State,* 615 S.W.2d 754, 755 (Tex.Cr.App.1981); *Plunkett v. State,* 580 S.W.2d 815, 822 (Tex.Cr.App. 1979) (on rehearing); *Garcia v. State,* 574 S.W.2d 133, 134 (Tex.Cr.App.1978); *Fella v. State,* 573 S.W.2d 548 (Tex.Cr.App.1978). The problem arises because voluntary manslaughter is defined in section 19.04 of the Texas Penal Code (Vernon 1981)[4] by reference to the definition of murder in section 19.02, which includes more than one form of murder:

   (a) A person commits an offense if he:
     (1) intentionally or knowingly causes the death of an individual;
     (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual . . . .

■ In each of the cases cited, the trial court erred in charging on voluntary manslaughter based on more than one form of murder as defined in section 19.02, when the indictment alleges only one form of murder. Only an indictment alleging more than one form of murder authorizes the court to give a charge on voluntary manslaughter based on more than one form of murder. Thus, if the indictment alleges murder as defined in section 19.02(a)(1) (intentionally causing death), but the charge authorizes a conviction for voluntary manslaughter defined in the terms of section 19.02(a)(2) (intentionally causing serious bodily injury, which results in death), the lesser included offense defined in the charge is broader than that permitted by the allegations of the indictment, contrary to *Cumbie.* *See Bentacur v. State,* 593 S.W.2d 686 (Tex.Cr.App.1980).

■ This reasoning is not applicable to the aggravated assault charge in this case. As in the case of voluntary manslaughter, aggravated assault may be included as a lesser offense in an indictment alleging murder in terms of section 19.02(a)(1), *Cato v. State,* 534 S.W.2d 135, 137 (Tex.Cr.App. 1976). It may also be included as a lesser offense in an indictment alleging murder in terms of section 19.02(a)(2). *Coit v. State,* 629 S.W.2d 263, 265 (Tex.App.—Dallas 1982). However, unlike the voluntary manslaughter charges in the cases previously cited, the instruction on aggravated assault in the present charge is proper under either form of murder alleged in the indictment. The charge instructs the jury to find that appellant is guilty of aggravated assault if it finds that appellant "did then and there intentionally or knowingly cause serious bodily injury to Woodrow Tobin, Jr., by shooting the said Woodrow Tobin, Jr., with a deadly weapon." The charge defines "serious bodily injury" to include "bodily injury that creates a substantial risk of death or that causes death, or protracted loss or impairment of the function of any bodily member or organ."

This charge may authorize conviction for aggravated assault in terms of "serious bodily injury," which is broader than the allegations of the indictment, but it is proper because the only respect in which the charge is broader than the indictment concerns the seriousness of the injury. This difference is inherent in the concept of lesser included offenses, as defined in article 37.09 of the Code of Criminal Procedure, which provides:

An offense is a lesser included offense if:

   .    .    .    .    .

---

**4.** Unless otherwise indicated all statutory references are to the Texas Penal Code.

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

■ Although "serious bodily injury" as defined in the charge is broader than "death," the difference concerns the seriousness of the injury, within subdivision (2) of article 37.09 *supra.* In this sense, a lesser included offense may always be said to be broader than the greater offense alleged in the indictment. If such a difference constitutes *Cumbie* error, as appellant contends, then an indictment for the greater offense could never authorize a charge on a lesser included offense because the lesser offense would always be broader. The elements of lesser included offenses are considered to have been alleged within the elements in the indictment alleging the greater offense. An accused cannot complain that he was charged, tried or convicted for a lesser included offense rather than the greater offense. *See* Tex.Code Crim. Pro.Ann. art. 37.08 (Vernon 1981); *Williams v. State,* 170 Cr.R. 593, 342 S.W.2d 581 (1960); *See also Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1976). Appellant's theory therefore, runs counter to the basic concept of lesser included offenses.

Subsequent to *Cumbie,* the Court of Criminal Appeals has approved reductions in the seriousness of the injury when charging on lesser included offenses. In an indictment for attempted murder under section 19.02(a)(1) the language "attempt to cause the death" was held to set forth an allegation of less serious injury, "serious bodily injury" and the court held it was proper to submit the charge on the lesser included offense of aggravated assault. *Hart v. State,* 581 S.W.2d 675, 677–678 (Tex.Cr.App.1979). Further, in an indictment alleging the injury element of aggravated assault section 22.02; "serious bodily injury," in the absence of a deadly weapon or a showing that the weapon was not used in a deadly manner, a fact issue surrounding the seriousness of the injury can raise the issue of the lesser included offense of

simple assault, section 22.01 and permit a charge on "bodily injury." *See DeRusse v. State,* 579 S.W.2d 224, 234 (Tex.Cr.App. 1979) (resulting injury only distinction between assault and aggravated assault).

Although this analysis might seem to apply also when the lesser offense is involuntary manslaughter, the difference may be found in the difference of intent required by sections 19.02(a)(1) and 19.02(a)(2). The intent required by section 19.02(a)(1) (intent to cause death) is different in kind, rather than in culpability, from the intent required by section 19.02(a)(2) (intent to cause serious bodily injury, which results in death). The same distinction applies to the lesser offense of voluntary manslaughter because it may also involve either the intent to kill within section 19.02(a)(1) or the intent to cause serious bodily injury within section 19.02(a)(2). Accordingly, voluntary manslaughter is defined in section 19.04 by referring to the definition of murder in section 19.02 and a charge on voluntary manslaughter must be limited to the type of intent alleged in the indictment for murder.

The same problem does not exist with respect to aggravated assault because the definition of that offense in sections 22.01 and 22.02 does not include intent to cause death; aggravated assault is a lesser offense included in murder only because "bodily injury" in sections 22.01 and 22.02 includes injury resulting in death. Thus if the indictment alleges, under section 19.-02(a)(1), that the accused intended to kill the deceased, a charge on aggravated assault in terms of intent to cause serious bodily injury differs only in the respect to the seriousness of the risk of injury. Likewise, if the indictment alleges, under section 19.02(a)(2), that the accused intended to cause serious bodily injury and committed a dangerous act that causes the death of the deceased, then a charge on aggravated assault in terms of an injury not resulting in death differs only with respect to seriousness of the injury. Consequently, no matter which form of murder is alleged in the indictment, aggravated assault, defined as intentionally or knowingly causing seri-

ous bodily injury, is a lesser included offense, and a charge on aggravated assault in such terms is not considered broader than the allegations of the indictment except with respect to the difference which make it a lesser included offense: the difference in the seriousness of the injury. Consequently, the charge on the lesser included offense is not subject to attack on the ground that it authorizes conviction on grounds not alleged in the indictment.

Affirmed.