Robert Royce ROWDEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–84–00337–CR.

Court of Appeals of Texas,
El Paso.

Sept. 11, 1985.

Rehearing Denied Oct. 9, 1985.

Coll Bramblett, Bramblett & Bramblett, El Paso, for appellant.

Phil J. Pollan, Dist. Atty., Fort Stockton, John B. Hemphill, Asst. Dist. Atty., Marfa, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a jury conviction for voluntary manslaughter. The jury assessed punishment at ten years imprisonment. We affirm.

■ In Ground of Error No. One, Appellant contends that the court committed fundamental error in the jury charge by expanding the theory of liability beyond the scope of the indictment. The indictment alleged that Appellant intentionally or knowingly caused the death of Jimmy Earl Newsom by stabbing him with a dagger. In the abstract and application paragraphs of the charge dealing with murder and voluntary manslaughter, the court instructed the jury under two theories of murder as proscribed in Tex.Penal Code Ann. secs. 19.02(a)(1) and (a)(2) (Vernon 1974). Formerly, this would have constituted fundamental error and led to automatic reversal.

*Bentacur v. State,* 593 S.W.2d 686 (Tex. Crim.App.1980); *Stewart v. State,* 591 S.W.2d 537 (Tex.Crim.App.1979); *Moring v. State,* 591 S.W.2d 538 (Tex.Crim.App. 1979); *Cumbie v. State,* 578 S.W.2d 732 (Tex.Crim.App.1979). With the decision of the Court of Criminal Appeals in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1985), that is no longer the case. Here, as in *Almanza,* there was no objection to the charge. The appellate task is then to review the record as a whole, seeking the parameters of the actual controversy at trial, in an effort to determine whether the error complained of has led to actual, not theoretical, harm to the Appellant or deprived him of a fair and impartial trial. We have concluded that the instant error is not of such a serious proportion as to require reversal. Our conclusion is in part based upon Judge Clinton's criticism in *Almanza* of the unrealistic, illogical extensions of the earlier case of *Robinson v. State,* 553 S.W.2d 371 (Tex.Crim.App.1977). Judge Clinton specifically cited the offshoot decisions that "intentionally causing death" could not include "an act clearly dangerous to human life" or "intent to cause serious bodily injury."

■ In the present case, the indictment alleged intentionally or knowingly causing death by stabbing with a dagger. There is no question that the evidence supported this theory as well as that embodied in Section 19.02(a)(2). By expanding the charge to include the language of Section 19.02(a)(2), did the court depart so far from the original pleading as to mislead the jury and deprive Appellant of a fair trial? We think not. The elements of a Section 19.-02(a)(2) offense are:

1) intent to cause serious bodily injury;

2) commission of an act clearly dangerous to human life; and

3) causing death by such act.

The present indictment alleges intent to cause death which is as serious a bodily injury as one can sustain, thus satisfying the first element above. See: *Henderson v. State,* 617 S.W.2d 697 (Tex.Crim.App.

1981). As a whole, the indictment alleges "an act clearly dangerous to human life." How else could one construe an averment that one person stabbed another with a dagger, intending to and actually causing the death. Finally, the causation of death is expressly alleged as a product of the stabbing. We need not speculate as to whether such concurrence of elements will arise in every pleading and evidentiary presentation of murder and voluntary manslaughter, but it certainly exists here. We conclude that the inclusion of language from Section 19.02(a)(2) in the charge did not deprive Appellant of a fair and impartial trial, and in the absence of objection, should not result in reversal. See also: *Bonfanti v. State*, 686 S.W.2d 149 (Tex. Crim.App., 1985). Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant complains of the partial submission of involuntary manslaughter and the total failure to apply the law of involuntary manslaughter to the facts of the case. Again, there was no objection to the charge. We find the error harmless since the jury found Appellant guilty of the greater offense of voluntary manslaughter, a verdict properly supported by the evidence. *Garrett v. State*, 642 S.W.2d 779 (Tex.Crim. App.1982); *Thomas v. State*, 587 S.W.2d 707 (Tex.Crim.App.1979); *Biegajski v. State*, 653 S.W.2d 624 (Tex.App.—San Antonio 1983, no pet.). Ground of Error No. Two is overruled.

The judgment is affirmed.