**Robert GALLEGOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00075–CR.**

Court of Appeals of Texas,
San Antonio.

July 23, 1986.

H. Paul Canales, Miles H. Appleberry, San Antonio, for appellant.

Edward Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for murder. TEX. PENAL CODE ANN. § 19.-02(a)(3) (Vernon 1974). Appellant was charged with capital murder, TEX. PENAL CODE ANN. § 19.03(a)(2) (Vernon 1974), and found guilty of the included offense of murder. The jury assessed punishment at sixty years' imprisonment.

The evidence shows that on Friday, July 27, 1984, between 10:30 and 11:00 p.m., appellant and his companions, Thomas, Roger and Gilbert, stopped at a restaurant near downtown San Antonio for some take-out food. Roger and Gilbert went inside to buy food while appellant and Thomas wait- ed in the car. Returning, Roger told of seeing a customer in the restaurant with some money. Roger identified this customer, the deceased, when he joined two people outside the restaurant.

Appellant and his friends then drove along behind the three men who were walking. The proof shows that Roger suggested robbing the men; appellant voiced approval. Roger stopped the car and with appellant and Thomas, got out and ran after the men. Appellant and Thomas caught one of them and began beating him; Thomas stabbed the man at least one time. Roger caught another one and beat him. Eventually Thomas said, "I have the money, let's split." They returned to their car, divided the money, and drove away.

The stabbing victim and his companions attracted the attention of a passing motorist who offered to take them to a hospital. They refused and asked instead to be driven to an apartment, arriving there about twenty five minutes later. There the deceased appeared to be doing poorly and someone called the police. The police arrived about ten minutes later along with an ambulance. At a hospital deceased died shortly after midnight of stab wounds to the abdomen.

Jesus Guerrero, a companion of the deceased, testified to the attack on himself and the two others. He told how the three were dragged into some "sheds" and beaten. He was cut with a knife and his billfold taken. He saw the wound in the stomach of the deceased as he lay on the ground. Guerrero ran for help and was, himself, treated for wounds at the hospital later.

Appellant learned he was a suspect in this killing. On September 5, 1984, he turned himself in at the adult probation office. The record reflects a probation officer called the police, and detective investigator Pinchback of the police department, along with another officer, responded. Pinchback testified that upon arriving at the probation office, he identified appellant and arrested him pursuant to an arrest

warrant issued on the basis of the confessions of two other principals. Without asking appellant more than his name and age, officer Pinchback walked him the two or three hundred yards back to the police station and upstairs to the homicide office.

The officer explained to appellant that the arrest warrant was for capital murder and read him his *Miranda* rights. Appellant acknowledged that he understood his rights, and that he could read and write the English language. Pinchback said he then explained the nature of the charge and that the only two punishments available under capital murder were life imprisonment and the death penalty.

Pinchback typed the confession as it was given. The officer testified he gave the completed statement to appellant to read and sign if appellant thought it was true and correct. Appellant signed the confession and it was witnessed by two others. The statement was introduced as evidence at trial over appellant's objection that the State failed to meet the requirements of article 38.22 of the Texas Code of Criminal Procedure.

Appellant argues in his third ground of error that the trial court erred in admitting his confession because it was the result of promises by officer Pinchback. Pinchback stated at the suppression hearing that he promised appellant that "as long as he was in my custody, care, control, that nothing was going to happen to him, nobody was going to bother him or threaten him or abuse him in any way."

■ The law universally condemns the use of confessions obtained by means of promises or inducements. *Bram v. United States,* 168 U.S. 532, 542–43, 18 S.Ct. 183, 186–187, 42 L.Ed. 568 (1897); *Washington v. State,* 582 S.W.2d 122, 124 (Tex.Crim. App.1979). Texas courts apply a four part test to determine whether a promise has rendered an accused's confession inadmissible. This test requires that the promise must: (1) be of some benefit to the defendant; (2) be positive; (3) be made or sanctioned by a person in authority; and (4) be of such character as would be likely to influence the defendant to speak untruthfully. *Washington,* 582 S.W.2d at 124; *Fisher v. State,* 379 S.W.2d 900, 902 (Tex. Crim.App.1964).

■ We first find that the promise at issue did not render appellant's confession inadmissible because the promise was not of such character as was likely to have influenced appellant to speak untruthfully. Pinchback said it was an assurance by peace officers to persons in custody that he often gave. Appellant stated in the confession itself, "I have not been threatened nor placed in fear neither have I been promised or given anything for giving this statement." And, it was appellant's testimony that he went to see his brother's former counselor at the probation office voluntarily and for the express purpose of turning himself in. The testimony was, and it was not refuted, that he went in to tell what happened. The determination of whether a confession is voluntary must be based on an examination of the totality of the circumstances. *Berry v. State,* 582 S.W.2d 463, 465 (Tex.Crim.App.1979); *Martinez v. State,* 656 S.W.2d 157, 159 (Tex. App.—San Antonio 1983, pet. ref'd). Here, in addition to his voluntary apearance, there was appellant's acknowledgment that his confession was voluntary; he was in good health; he could read and write the English language; the statement was taken only after he had been told of his rights; and appellant was awake, alert, and showing no signs of acute mental or physical disorder. The trial court did not err in admitting appellant's confession. We note the court also charged the jury on the voluntariness of the confession. The ground of error is overruled.

■ Appellant's fourth ground of error is that the trial court erred in overruling his motion for directed verdict because the evidence was insufficient to sustain the jury's verdict. Appellant confessed he voluntarily participated in a robbery with knowledge that one of his accomplices had a knife. Further, appellant saw his companion stab one of the men accosted "at

least one time" in the course of robbing him. He also admitted the robbery was jointly planned and executed. The trial court charged the jury on the following portions of the law of parties: TEX. PENAL CODE ANN. § 7.01(a); § 7.02(a)(2), § 7.02(b). The evidence supports the finding that appellant was an active participant in a robbery in which one of the victims received a mortal wound. *See Cordova v. State*, 698 S.W.2d 107, 111 (Tex.Crim.App. 1985). In reviewing the evidence in the light most favorable to the verdict, we find that any rational trier of fact could have found the essential elements of the offense charged, felony murder, beyond a reasonable doubt. We overrule the ground of error.

■ Appellant was indicted for capital murder (intentionally killing a person while in the course of committing a robbery). TEX. PENAL CODE ANN. § 19.03(a)(2). In addition to a charge on capital murder, the jury received a charge on felony murder, § 19.02(a)(3), over appellant's objection that this charge permitted conviction on a theory not alleged in the indictment. Appellant presents this same argument in his first ground of error.

The indictment charged that appellant *intentionally caused the death* of the victim while in the course of committing robbery. However, in addition to the capital murder charge there was submitted a charge which allowed conviction on a finding that defendant, while in the course of committing robbery, *"did commit or attempt to commit an act clearly dangerous to human life ...* [which] caused the death" of the deceased. The issue is whether this charge was erroneous.

Appellant cites numerous cases holding that a trial court commits reversible error by submitting a charge allowing conviction of murder on a finding that the accused caused death by committing an act clearly dangerous to human life when the defendant is under indictment for intentional killing. *E.g., Ward v. State*, 615 S.W.2d 752, 753 (Tex.Crim.App.1981). However, it is

clear these authorities deal only with murder and not with capital murder.

The capital murder statute further provides in § 19.03(c), "If the jury does not find beyond a reasonable doubt that the defendant is guilty of an offense under this section, he may be convicted of murder or of any lesser included offense." Therefore, the question becomes whether felony murder under section 19.02(a)(3) is a lesser included offense of capital murder under the facts in the instant case.

TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981), provides:

An offense is a lesser included offense if:

\*     \*     \*     \*     \*     \*

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission ...

A conviction of capital murder as charged in this case must rest on proof that:

(1) appellant

(2) intentionally

(3) committed murder

(4) in the course of committing or attempting to commit robbery. On the other hand, a conviction of felony murder as charged requires proof that:

(1) the appellant

(2) committed or attempted to commit a felony (robbery)

(3) and in the course of and in furtherance of the commission or attempt to commit the felony (robbery)

(4) defendant committed an act clearly dangerous to human life

(5) that caused the death of an individual.

Under the facts of this case, intent is the only element that distinguishes these two crimes. Capital murder requires proof of an intentional killing, whereas a felony murder conviction rests only on proof of an intent to commit the underlying felony. *Santana v. State*, 714 S.W.2d 1 (Tex.Crim. App.1986); *Lamb v. State*, 680 S.W.2d 11,

15 (Tex.Crim.App.1984); *see also Garrett v. State,* 573 S.W.2d 543, 545 (Tex.Crim. App.1978); *Rodriguez v. State,* 548 S.W.2d 26, 28–29 (Tex.Crim.App.1977). While felony murder may include some homicides that are neither intended nor even contemplated by the offender, capital murder requires an intentional killing. Crump, *Capital Murder: The Issues in Texas,* 14 HOUS.L.REV. 531, 536 (1977).

Hence proof establishing the commission of felony murder differs from that required to prove capital murder only in the respect that a less culpable mental state suffices to establish the offense of felony murder. Accordingly, felony murder may be a lesser included offense of capital murder. TEX. CODE CRIM. PROC. ANN. art. 37.09(3) (Vernon 1981); *Santana, supra.*

In the present case the underlying offense was robbery, and the evidence established appellant's commission of the offense. We hold that, under the facts which were shown, the offense of felony murder as defined in the court's charge is a lesser included offense of capital murder. Thus the trial court committed no error in submitting the charge on felony murder. Appellant's first ground of error is overruled.

■ Appellant in his second ground of error argues the trial court erred in refusing to charge the jury on the lesser included offense of aggravated assault. Texas has adopted a two pronged test to determine whether a charge on a lesser included offense is required. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that, if the accused is guilty, he is guilty only of the lesser offense. *Cordova v. State,* 698 S.W.2d 107, 113 (Tex.Crim.App.1985); *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex. Crim.App.1985); *see, Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981). The facts in this case establish that appellant has failed to meet the second part of this test.

In determining whether a defendant is entitled to a charge on a lesser included offense, we will consider all the evidence. *Lugo v. State,* 667 S.W.2d 144, 147 (Tex. Crim.App.1984).

■ To be entitled to a charge on aggravated assault, there must be some evidence in the record that, if guilty, appellant is guilty only of aggravated assault. *Cordova v. State, supra* at 113. *See* TEX. PENAL CODE ANN. § 22.02 (Vernon 1974). The record reflects that robbery was the motive for the attack upon decedent and his companions. Appellant stated that the attack terminated only when one of the attackers exclaimed that he had the money. These facts were corroborated by testimony of one of the decedent's companions. Accordingly, this evidence precludes a finding that appellant, if guilty, is guilty of only the lesser offense of aggravated assault. Further, we have found the evidence of felony murder, robbery being the underlying felony, to be sufficient to sustain the conviction. The trial court committed no error in refusing appellant's requested charge on aggravated assault. The ground of error is overruled.

The judgment is affirmed.