

|   |   |   |   |
|---|---|---|---|

§

LARRY LESHAWN THOMAS, JR.,                                  No. 08-19-00112-CR

§

Appellant,                                                              Appeal from the

§

v.                                                                      264th Judicial District Court

§

THE STATE OF TEXAS,                                            of Bell County, Texas

§

Appellee.                                                               (TC# 77,982)

§

## **O P I N I O N**

After a jury trial, Appellant, Larry Leshawn Thomas, Jr., appeals his conviction of the offense of "felony-murder" prosecution under Section 19.02(b)(3), Texas Penal Code, which, among other things, provides that a person commits murder if he causes a person's death during the commission of a "felony, other than manslaughter." Appellant contends the trial court erred in instructing the jury to view his conduct "from the standpoint of an ordinary and prudent person in the same circumstances as the defendant[,]" rather than from Appellant's standpoint. We affirm.[1]

## **BACKGROUND**

### *Factual Background*

On September 5, 2017, at around 8:30 p.m., the victim, Jose Hernandez ("Hernandez"), and Johnny Delgado ("Delgado") made a quick purchase at a Dollar General store. Hernandez was driving the vehicle and Delgado was the passenger. Delgado testified that as he and Hernandez

---

[1] This appeal was transferred from the Third Court of Appeals, and we apply the precedent of that Court to the extent required by TEX.R.APP.P. 41.3.

drove out of the store parking lot, Hernandez caught a glimpse of Appellant—whom he allegedly had prior friction with—drive into the store parking lot. Hernandez turned back around into the store parking lot and parked his vehicle alongside Appellant's. Appellant and Hernandez began to argue as they remained inside their respective vehicles. The testimony is conflicting as to the following sequence of events. According to Delgado's testimony, Appellant exited his vehicle and asked Hernandez if he wanted to fight as he lifted his shirt, displaying a pistol. At trial, Appellant denied ever raising his shirt and displaying a weapon, claiming his pistol remained in his vehicle during the altercation. Delgado also admitted to the presence of a weapon—a hatchet—in the vehicle; however, Delgado testified the hatchet remained under the seat during the verbal altercation and was neither used physically nor as a display of force against Appellant. Appellant testified that as he and Hernandez argued, he approached Hernandez's vehicle and saw what he thought was a hammer in Delgado's lap, which Hernandez later allegedly held up as he threatened Appellant.

After their verbal altercation, Appellant returned to his vehicle and left the store parking lot, with Hernandez and Delgado following behind. Appellant testified after he turned out of the parking lot, he noticed Hernandez behind him and out of fear of Hernandez possibly having a gun, Appellant shot in the air. Delgado testified to hearing two gunshots fired from Appellant's vehicle.

Hernandez pursued Appellant into a neighborhood and after a series of turns in an attempt to evade Hernandez, Appellant stopped his vehicle, turned off his vehicle lights, exited his vehicle, and fired two shots at Hernandez's vehicle. Hernandez, who was 151.4 feet away from Appellant, was fatally struck in the neck.

At trial, Appellant admitted to firing his weapon in the direction of Hernandez's vehicle and conceded to committing the elements of the charged offense; however, Appellant claimed he

acted in self-defense. At Appellant's request, the jury charge included the definitions of reasonable belief, deadly force, and a self-defense instruction.

### *Procedural Background*

Appellant was indicted for intentionally and knowingly committing or attempting to commit an act clearly dangerous to human life, to-wit: discharging a firearm at or in the direction of one or more individuals in a vehicle, including Jose Hernandez, that caused the death of Jose Hernandez while Appellant was in the course of and in furtherance of the commission or attempt of said felony. The jury returned a guilty verdict and assessed punishment at 42.5 years' confinement in the Texas Department of Criminal Justice Institutional Division. This appeal followed.

## DISCUSSION

### *Issue*

Appellant's sole issue on appeal is whether he suffered egregious harm by the trial court's self-defense instruction in the jury charge.

### *Standard of Review*

Texas Code of Criminal Procedure Article 36.14 requires a trial court to deliver a charge to the jury setting forth the applicable law of the case. *Beltran De La Torre v. State*, 583 S.W.3d 613, 617 (Tex.Crim.App. 2019). When assessing a jury charge error, we review the alleged error under a two-step analysis, considering "(1) whether error existed in the charge; and (2) whether sufficient harm resulted from the error to compel reversal." *Ngo v. State*, 175 S.W.3d 738, 744 (Tex.Crim.App. 2005). A trial court commits error subject to review if it includes a defensive issue in its jury charge and fails to do so correctly. *Vega v. State*, 394 S.W.3d 514, 519 (Tex.Crim.App. 2013). Upon a finding of error in the jury charge, we next determine whether the

3

defendant timely objected to the error to determine the adequate level of harm required for reversal. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex.Crim.App. 2016)(*citing Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984)). If the defendant failed to timely object to the jury instruction, reversal is required only if the error was "so egregious and created such harm that the defendant did not have a fair and impartial trial." *Marshall*, 479 S.W.3d at 843.

An egregious harm determination "must be based on a finding of actual rather than theoretical harm." *Arrington v. State*, 451 S.W.3d 834, 840 (Tex.Crim.App. 2015)(*quoting Cosio v. State*, 353 S.W.3d 766, 777 (Tex.Crim.App. 2011)). To determine whether charge error is egregious, we have traditionally considered "(1) the entirety of the jury charge itself, (2) the state of the evidence, (3) counsel's arguments, and (4) any other relevant information revealed by the entire trial record." *Marshall*, 479 S.W.3d at 843. Egregious harm is a difficult standard to meet and neither party bears the burden on appeal to show harm; instead, courts must examine the entire record to determine whether appellant suffered actual harm as a result of the alleged error. *Marshall*, 479 S.W.3d at 843.

### *Applicable Law*

The use of force against another is justifiable as self-defense "when he reasonably believes that the force is immediately necessary to protect himself from the other person's use or attempted use of unlawful force." *Elizondo v. State*, 487 S.W.3d 185, 196 (Tex.Crim.App. 2016)(*citing* TEX.PENAL CODE ANN. § 9.31(a)). The use of deadly force is justifiable under Section 9.31 when the actor "reasonably believes deadly force is immediately necessary to protect himself against the [aggressor's] use or attempted use of unlawful deadly force." *Jordan v. State*, 593 S.W.3d 340, 343 (Tex.Crim.App. 2020)(*citing* TEX.PENAL CODE ANN. § 9.32(a)).

It is well-established in Texas that in claiming self-defense, the actor is held to the standard

of "an ordinary and prudent man in the same circumstances as the actor." *Valentine v. State*, 587 S.W.2d 399, 403 (Tex.Crim.App. 1979)(*citing* TEX.PENAL CODE ANN. § 1.07(31)); *Bennett v. State*, 726 S.W.2d 32, 37-38 (Tex.Crim.App. 1986)(the reasonableness of the accused's conduct "must be judged from the standpoint of the accused at the instant he responds to the attack."); *Turner v. State*, 87 S.W.3d 111, 117 (Tex.Crim.App. 2002)(self-defense law was correctly stated when the jury was informed "that the law required it to consider appellant's self-defense claim from the standpoint of an 'ordinary and prudent person'").

### *Analysis*

Under the two-prong analysis, we begin by determining whether the trial court erred in the jury charge. Appellant argues the jury charge incorrectly stated the law on self-defense. The pertinent section of the jury charge reads as follows:

### VIII.

[Paragraph 8:] Upon the law of self defense, you are instructed that a person is justified in using force against another when and to the degree *he reasonably believes* the force is immediately necessary to protect himself against the other person's use or attempted use of unlawful force. Except, the use of force against another is not justified:

in response to verbal provocation alone; or

if the actor provoked the other's use or attempted use of unlawful force, unless the actor abandons the encounter, or clearly communicates to the other his/her intent to do so reasonably believing he/she cannot safely abandon the encounter; and the other nevertheless continues or attempts to use unlawful force against the actor.

A person is justified in using deadly force against another if he would be justified in using force against the other in the first place, as above set out, and when *he reasonably believes* that such deadly force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force.

The term 'deadly force' is force that is intended or known by the person using it to cause, or in the manner of its use or intended use is capable of causing death or serious bodily injury.

5

By the term 'serious bodily injury' is meant bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

By the term 'reasonable belief' as herein used is meant a belief that would be held by an *ordinary and prudent person in the same circumstances as defendant*.

IX

[Paragraph 9:] Now if you find from the evidence beyond a reasonable doubt that on the occasion in question the defendant, Larry Leshawn Tomas, Jr., did commit the offense of murder, but you further find from the evidence, as viewed from the *stand point of an ordinary and prudent person in the same circumstances as defendant that at the time*, from the words or conduct, or both, of Jose Hernandez, it reasonably appeared to an *ordinary and prudent person in the same circumstances* as the defendant that the life of defendant was in danger and there was created, as viewed from the stand point of an *ordinary and prudent person in the same circumstances as defendant*, a reasonable expectation or fear of death or serious bodily injury to the defendant from the use of unlawful deadly force at the hands of Jose Hernandez, and that acting under such apprehension and reasonably believing that the use of deadly force on his part was immediately necessary to protect himself against Jose Hernandez use or attempted use of unlawful deadly force, the defendant shot the said Jose Hernandez with a firearm, then you should acquit the defendant on the grounds of self-defense; or if you have a reasonable doubt thereof, then you should give the defendant the benefit of that doubt and say by your verdict 'Not Guilty.' [Emphasis added].

Appellant argues the phrase "as viewed from the standpoint of an ordinary and prudent person in the same circumstances as defendant that at the time[,]" in Paragraph 9 was egregious, and should have been replaced with "view the reasonableness of the defendant's actions solely from the defendant's standpoint." Because the jury was not instructed to view Appellant's conduct solely from Appellant's standpoint, Appellant claims he suffered egregious harm. Appellant asserts the jury is required to "climb into the head of the accused person to view the defendant's actions from his standpoint[.]" We disagree.

Appellant is correct in stating the jury must assess Appellant's conduct from Appellant's standpoint; however, the law requires both a subjective and objective assessment of Appellant's conduct. *Werner v. State*, 711 S.W.2d 639, 645 (Tex.Crim.App. 1986)("Although the test assumes

that a defendant may act on appearances as viewed from his standpoint . . . the test also assumes the ordinary prudent man test of tort law.")[Internal citations and quotations omitted]; *Braughton v. State*, 569 S.W.3d 592, 618 (Tex.Crim.App. 2018)(in Section 9.31 of the Penal Code, "[t]he phrase 'reasonably believes' signifies both that the actor actually believes and that the actor's actual belief is reasonable.").

Turning to the case at hand, the trial court derived its jury charge directly from Sections 9.31 and 9.32, essentially quoting the Penal Code verbatim. TEX.PENAL CODE ANN. § 9.31, § 9.32. This Court has previously held when a jury charge mirrors the language of the Penal Code and does not provide additional instructions that may mislead the jury, the trial court did not commit error. *Rowden v. State*, 696 S.W.2d 490, 492 (Tex.App.—El Paso 1985, no pet.)(concluding inclusion of language from the relevant statute in the charge did not deprive defendant of a fair and impartial trial). The Penal Code does not require the jury to assess the defendant's conduct solely from the defendant's standpoint as Appellant asserts; the term "reasonably believes" is repeatedly used throughout the jury charge, which the Penal Code defines as "a belief that would be held by an ordinary and prudent man in the same circumstances as the actor." TEX.PENAL CODE ANN. § 1.07(42). Furthermore, Appellant specifically requested the Penal Code's definition be included in the charge, which the trial court granted. The statute itself, and application of the statute by Texas courts, makes evident the statute requires the jury to assess the situation from the standpoint of an ordinary and prudent person, rather than from the actor's standpoint alone.

To hold the jury should have been instructed to assess the situation solely from Appellant's standpoint would rewrite well-established law. If this Court were to hold accordingly, we would eliminate the reasonableness standard and replace it with one that is purely subjective. The consequences of such a holding would remove the rooted safeguards of self-defense claims, leave

7

victims to the mercy of their aggressors, and promote legal opportunism. The reasonable belief standard is "employed precisely to avoid different applications of the law . . . to defendants of different races, creed, color, sex or social status." *Gonzales v. State*, 689 S.W.2d 900, 903 (Tex.Crim.App. 1985). The law cannot be based on one's mere belief that he or she acted proportionately in the situation, especially when the conduct involves the taking of another's life.

We hold the trial court legally stated the law on self-defense in the jury charge. This Court finds no error in the trial court's jury charge self-defense instruction, which obviates the need for us to determine whether Appellant suffered egregious harm. *See Marshall*, 479 S.W.3d at 843. Appellant's sole issue is overruled.

## CERTIFICATION OF RIGHT TO APPEAL

We note that the trial court has certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature indicating that he has been informed of his rights to appeal and to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX.R.APP.P. 25.2(d). We thus find that the certification is defective and that neither Appellant's attorney nor the trial court has corrected the defective certification.

To remedy this defect, the Court ORDERS Appellant's attorney, pursuant to Rule 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX.R.APP.P. 48.4, 68. The Court further ORDERS Appellant's attorney to comply with all the requirements of Rule 48.4. TEX.R.APP.P. 48.4.

## CONCLUSION

For these reasons, we affirm.

8

November 25, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)