Arthur **FLORES**, Appellant,

v.

**STATE** of Texas, Appellee.

No. A14–82–570–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 15, 1984.
Rehearing Denied April 12, 1984.
Discretionary Review Granted
Nov. 21, 1984.

Thomas Rocha, Jr., San Antonio, for appellant.

Jim Bob Darnell, Dist. Atty., Mary Ann Wiley, Lubbock, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

A jury found appellant, Arthur Flores, guilty of murder. The court assessed punishment at life imprisonment. He now complains on appeal that his conviction and sentence were based on improper and insufficient evidence, a defective charge and an unconstitutional statute. We affirm the judgment.

In Lubbock, Texas, appellant and three other men, Charles Bramblett, Dennis Smith and Odus Rogers, met and drove to the house of John Igo to carry out a preconceived plan to burglarize his home. Bramblett and Smith dropped appellant and Rogers off at the Igo home and drove to a nearby store to wait for them. Appellant and Rogers entered the Igo home through a sliding glass door. They were proceeding with their burglary plans when Mrs. Igo returned from the grocery store. She opened the front door and was shot three times. She attempted to run next door, but collapsed and died in front of the neighbor's garage. Appellant and Rogers ran from the house, and then down an alley to the store where Bramblett and Smith were waiting. The four men then fled in the same car.

Two days later, Bramblett turned himself in and told police of the burglary and murder, thereby implicating the remaining participants. Smith and Rogers were then arrested and a warrant issued for appellant Flores. Later that night appellant Flores was located and arrested by Lubbock Police Officers Bournes and Smith. The latter read appellant his *Miranda* warnings at the scene of the arrest. Custody of appellant was then taken over by Lubbock Police detectives, Hudgens and Nevarez, who placed him in their car for transportation to the county courthouse. He was given another *Miranda* warning by Detective Nevarez enroute to the courthouse. He was taken to the District Attorney's office where he made a statement admitting to his part in the burglary. His statement was reduced to writing. He was again read his *Miranda* warning. He initialed the warning on the statement form, and then signed the statement.

■ In his initial ground of error, appellant now contends that his confession was the product of an illegal arrest and therefore should not have been admitted at trial. Appellant, however, readily admitted substantially the same facts as contained in his confession during direct examination by his attorney at trial. Under the doctrine of curative admissibility, the admission of improper evidence cannot be urged as a ground of reversal when the defendant gives testimony on direct examination which establishes the same facts as those to which he objected. *Thomas v. State,* 572 S.W.2d 507, 512–14 (Tex.Crim.App. 1976). However, when such evidence is obtained by improper police practices, the State must prove that its illegal action did not impel the testimony. A defendant does not waive his objection to improper evidence because he is compelled to testify or otherwise seeks to refute, destroy or explain it. *Thomas* at 512–13. *See also Nicholas v. State,* 502 S.W.2d 169 (Tex. Crim.App.1973). It is clear from the record that appellant voluntarily testified at trial to the facts of the burglary in the expectation that he would not be implicated for the murder. His accomplices, Smith and Bram-blett, had already testified that appellant had participated in the burglary. Appellant thus testified not to overcome the impact of the previously obtained confession, but rather to limit his participation to the burglary alone. His testimony confirmed the facts of his confession rather than refuted them. There is no question he participated in the burglary; and under the law of parties, the jury was justified in rendering their verdict. His objection to the admissibility of the confession is thus waived and his first ground of error overruled.

■ Appellant contends in his second ground of error that there was insufficient evidence to sustain the guilty verdict. The general standard for reviewing the evidence is whether, viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Girard v. State,* 631 S.W.2d 162, 163 (Tex.Crim.App.1982). This case, however, involved a confession, circumstantial evidence, and accomplice testimony. In circumstantial evidence cases, the test is whether the evidence excludes every reasonable hypothesis other than guilt. *Girard* at 163. Since the appellant was charged under the law of parties, he could be held responsible for the murder if Mrs. Igo was killed in the attempt to carry out the conspiracy to commit burglary, and if such murder was in furtherance of it. *See* Tex.Penal Code Ann. § 7.02(b) (Vernon 1974). The uncontradicted evidence reveals that the four men conspired to burglarize the Igo home, that appellant and Rogers entered the home for that purpose, and that Mrs. Igo was shot during the furtherance thereof. Furthermore, appellant admitted that he knew Rogers had a gun, and therefore the shooting could have been anticipated. *See* Tex.Penal Code Ann. § 7.02(b). We find there was sufficient evidence of appellant's guilt.

■ Appellant also contends the evidence was insufficient to corroborate the testimony of the accomplice witnesses. The proper test on appeal is to eliminate

the accomplice testimony from consideration and determine whether there is other incriminating evidence tending to connect the accused with the commission of the offense. *Meyers v. State*, 626 S.W.2d 778, 780 (Tex.Crim.App.1982). Here appellant's own testimony was that he participated in the burglary, and that he was aware that Rogers had a gun. This evidence clearly connects appellant with the commission of the crime, and his insufficiency ground of error is therefore overruled.

Appellant next contends that the felony-murder statute is unconstitutional because the State does not have to prove specific intent to cause death. *See* Tex.Penal Code Ann. § 19.02(a)(3) (Vernon 1974). We need not address this issue because appellant was neither charged nor convicted under the felony-murder statute; rather, his vicarious responsibility was grounded in the law of parties. Tex.Penal Code Ann. § 7.02(b). However, we do note that the Court of Criminal Appeals has addressed this issue in *Rodriquez v. State*, 548 S.W.2d 26, 28–29 (Tex.Crim.App.1977). The holding therein was that the culpable mental state is supplied and must be proved for the underlying felony offense which gave rise to the act. In any event, it is not relevant to this case.

■■■ Appellant complains in his fourth ground of error that the trial court improperly admitted hearsay testimony from Bramblett that Rogers said that appellant killed Mrs. Igo. The determination of whether the erroneous admission of hearsay evidence requires reversal of a conviction is done on a case-by-case basis. *Vanderbilt v. State*, 629 S.W.2d 709, 724 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982). We must determine from a review of the record whether the minds of an average jury would have found the State's case significantly less persuasive had the testimony at issue been excluded. *Id.* Appellant testified to his presence at, and participation in, the burglary. Appellant insisted, however, that Rogers pulled the trigger and this possibility was covered in the jury

charge. The jury was specifically charged on the law of parties, thus obviating the necessity for a finding that appellant actually fired the gun. Even without any accomplice testimony, there was ample testimony from appellant and other circumstantial evidence on which the jury could have relied. Appellant's fourth ground of error is thus overruled.

■■■ Appellant next claims that the trial judge erred in submitting jury verdict forms only for murder and failed to submit verdict forms for conspiracy. Appellant contends that since the court defined conspiracy in the charge, there should have also been a jury form for the offense of conspiracy. The punishment for conspiracy is one category lower than the most serious felony that is the object of the conspiracy, which in this case would have lowered the charge to a second degree felony. Tex.Penal Code Ann. § 15.02(d) (Vernon 1974). The trial judge instructed the jury on the law of parties as contained in section 7.02 of the Penal Code, and then merely defined conspiracy as contained therein. Section 7.02(b) directs that all conspirators are guilty of the felony actually committed, and contains no provision for lowering the punishment. The trial judge properly instructed the jury and this ground of error is therefore overruled.

■■■ In the sixth ground of error, appellant contends that he was erroneously tried on charges of felony-murder and conspiracy, neither of which were contained in the indictment. Appellant points out that a trial court commits reversible error by instructing the jury that they may convict under a theory not alleged in the indictment. *See Infante v. State*, 612 S.W.2d 603, 604 (Tex.Crim.App.1981). However, in this case, appellant was charged in the indictment with first degree murder, not felony-murder, nor conspiracy. The judge's instructions were therefore correct. The indictment made no reference to the offense of conspiracy; the jury was charged on the law of parties, and conspiracy was only incidentally defined therein. A trial court may charge the jury on the

law of parties even though there is no allegation in the indictment. *English v. State*, 592 S.W.2d 949, 955 (Tex.Crim.App. 1980). Appellant's sixth ground of error is thus overruled.

■ In his final ground of error, appellant complains that the evidence is insufficient to sustain the court's finding that defendant used and exhibited a handgun during the commission of the offense. The court made no such finding. Rather, the court found in its judgment "that a deadly weapon, to wit: a handgun was used and exhibited during the commission of the offense, ..." The court does not make a finding that *the defendant* used and exhibited a deadly weapon during the commission of the offense. Even so, the court erred in making such finding because the jury is the exclusive judge of the facts except in rare instances where the law specifically directs otherwise, as in the case of presumptive proof. Tex.Crim.Proc.Ann. arts. 36.13, 38.04 (Vernon 1979). The Court of Criminal Appeals has specifically held that whether a firearm was used in the commission of an offense is a fact issue to be decided by the trier of facts. *Ex parte Thomas*, 638 S.W.2d 905, 907 (Tex.Crim. App.1982). However, here the error was harmless. The court's finding did not activate any penalty provoking provisions against the appellant. Apparently, appellant's ground of error here is directed at the probationary code provisions of Tex. Crim.Proc.Code Ann. art. 42.12 § 3f(a)(2) which provide that probation is not available:

> (2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or

exhibited was a firearm, the court shall enter that finding in its judgment.

The only other effect of such a specific affirmative finding is the limitation of a defendant's eligibility for release on parole. Tex.Code Crim.Proc.Ann. art. 42.12, § 15(b) (Vernon 1979).

Here, however, the appellant was convicted of the offense under the law of parties; and the jury by its verdict, did not find that *he* actually fired or exhibited the handgun as specifically required by these code provisions. There is no question that a handgun was used and, therefore, the trial court's finding is harmless error. This court has the power to reform and correct the judgment as the law and nature of the case require when we possess the same corrective information that the trial court would have were the judgment reversed and remanded. Tex.Crim.Proc.Ann. art. 44.24(b) (Vernon Supp.1982–83). *See Barecky v. State*, 639 S.W.2d 943, 945 (Tex. Crim.App.1982). Accordingly, we reform and correct the judgment by deleting the following: "and the Court further finds that a deadly weapon, to wit: a handgun was used and exhibited during the commission of the offense, ..."

As reformed, the judgment is affirmed.