TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00171-CR







William Jennings, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,215, HONORABLE JOE CARROLL, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of capital murder. Act of April 16, 1985, 69th Leg.,
R.S., ch. 44, § 1, 1985 Tex. Gen. Laws 434 (Tex. Penal Code Ann. § 19.03(a)(2), since
amended). The State having waived the death penalty, the district court assessed punishment at
imprisonment for life.

 On the night of April 1, 1994, appellant and two friends, Terinslo Lambert and
Patrick Keith Miller, drove around Killeen in Lambert's sister's truck looking for someone to
rob. (1) Miller and appellant were armed with 9 mm. semiautomatic pistols. They eventually made
their way to the Heather Glen subdivision where, shortly after midnight, they saw a man standing
outside a house. Appellant and Lambert, who was armed with Miller's pistol, got out of the truck
intending to rob the man, but he entered his house before they could do so. Just then, a car pulled
into the driveway of a nearby house. Lambert approached this vehicle on foot while appellant
walked the other way. When appellant turned back to look for Lambert, he saw him struggling
with a man in the driveway. This man was Christopher Walter.

 As appellant watched, Lambert and Walter wrestled each other to the ground. 
Appellant heard Walter say that he had the gun and heard Lambert demand its return. Appellant
walked over to where Lambert and Walter were now standing and told Walter, "Just give him his
gun back so we can go." Walter responded by pointing Lambert's pistol at appellant. Appellant
turned and ran.

 Appellant met Miller, who was driving the truck, at the next corner. Appellant told
Miller what had happened and said, "Let's go." Miller said they had to go back for Lambert and
took appellant's pistol. Miller then drove around the block and approached the Walter house,
where a small crowd had gathered. Appellant did not see Lambert, but he saw Walter, still armed
with Lambert's pistol, standing in front of the house. Appellant ducked when Walter pointed the
pistol at the truck. He then heard Miller fire several shots. A bullet struck Walter in the head,
killing him.

 In two points of error, appellant contends the evidence is legally and factually
insufficient to sustain his conviction for capital murder. Both points are premised on the
contention that the State failed to prove that Walter was murdered in the course of a robbery or
attempted robbery. Appellant argues that the robbery had been abandoned or otherwise
terminated before Walter was shot. Thus, appellant argues that the evidence shows only a robbery
or attempted robbery followed by an unrelated murder. See Ibanez v. State, 749 S.W.2d 804,
807-08 (Tex. Crim. App. 1986) (evidence insufficient where intent to steal was not formed until
after murder was committed); see also Watts v. State, 516 S.W.2d 414, 415 (Tex. Crim. App.
1974) (proof of completed theft not required in robbery prosecution).

 A murder is committed in the course of a robbery or attempted robbery if it is
committed during or in the immediate flight after the robbery or attempted robbery. Robertson
v. State, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993). If, in the attempt to carry out a
conspiracy to commit one felony another felony is committed by one of the conspirators, all
conspirators are guilty of the felony actually committed if the offense was committed in
furtherance of the unlawful purpose and was one that should have been anticipated as a result of
carrying out the conspiracy. Tex. Penal Code Ann. § 7.02(b) (West 1994). The district court's
charge included an instruction on section 7.02(b). See Cordova v. State, 698 S.W.2d 107, 111
(Tex. Crim. App. 1985); Wilder v. State, 583 S.W.2d 349, 356 (Tex. Crim. App. 1979) (law of
parties applies at guilt stage of capital murder trial). 

 It is obvious that Lambert, Miller, and appellant were engaged in a conspiracy to
commit robbery on the night in question. By arming themselves before beginning their hunt for
a suitable victim, the conspirators should have anticipated that carrying out the conspiracy could
result in a homicide. Flores v. State, 681 S.W.2d 94, 96 (Tex. App.--Houston [14th Dist.] 1984),
aff'd, 690 S.W.2d 281 (Tex. Crim. App. 1985). Appellant argues, however, that Walter's
murder was not committed in furtherance of the conspiracy because the robbery had been
abandoned before Walter was shot. See Deeb v. State, 815 S.W.2d 692, 697 (Tex. Crim. App.
1991) (conspiracy can be terminated by failure). 

 As a general rule, a conspiracy is not terminated until everything has been done that
was contemplated to be done by the conspirators. White v. State, 451 S.W.2d 497, 500 (Tex.
Crim. App. 1969); Robins v. State, 117 S.W.2d 82, 84 (Tex. Crim. App. 1938). It is reasonable
to assume that conspirators ordinarily contemplate the avoidance of apprehension, regardless of
whether the crime that is the object of the conspiracy is successfully accomplished. Miller
returned to the scene of the botched robbery for the purpose of aiding Lambert's escape. When
Walter pointed the pistol at the jeep, Miller shot him. All three conspirators then fled. A rational
trier of fact could conclude that Miller murdered Walter in furtherance of the conspiracy and
during the immediate flight of the conspirators following the robbery attempt. See Denney v.
State, 558 S.W.2d 467, 469 (Tex. Crim. App. 1977) (conspiracy to rob and murder; statements
made one day after offense regarding disposition of fruits and evidence of crime were made in
furtherance of conspiracy).

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Judged by
this standard, the evidence is sufficient to sustain appellant's conviction as a party to capital
murder. The second point of error is overruled.

 When conducting a factual sufficiency review, we do not view the evidence in the
light most favorable to the verdict. Instead, we consider all the evidence equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319 (Tex. App.--Austin 1992, no pet.). In this cause, however, there are no alternative
hypotheses because the facts were undisputed. Under the circumstances, the jury's verdict was
not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). Point
of error one is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed 

Filed: January 17, 1996

Do Not Publish

1.   This summary of the evidence is based primarily on appellant's own testimony.


heft not required in robbery prosecution).

 A murder is committed in the course of a robbery or attempted robbery if it is
committed during or in the immediate flight a