Affirmed and Memorandum Opinion filed February 27, 2003















Affirmed and
Memorandum Opinion filed February 27, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00321-CR

____________

 

SANTOS
ARMANDO-ALFARO RAMIREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

__________________________________________

 

On Appeal from
the 180th District Court

Harris County, Texas

Trial Court
Cause No. 875,584

 

__________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Santos Armando-Alfaro Ramirez
appeals his conviction for capital murder. 
He contends: (1) the trial court erred by failing to include an
instruction in the application paragraph of the jury charge; (2) he received
ineffective assistance of counsel; and (3–4) the evidence is legally and
factually insufficient to support his conviction.  We affirm.

I.  Factual and Procedural
Background

            On the morning of January 6, 2000,
complainant Marina Cruz left her apartment with her seven-year-old
granddaughter, Ashley.  As they
approached Ms. Cruz’s van, two men, later identified as appellant and a man
nicknamed “Pelon,” approached Ms. Cruz and Ashley and
attempted to rob Ms. Cruz.  According to
Ashley’s account at trial, appellant took Ms. Cruz’s jewelry while Pelon pointed a gun at them.  Pelon asked for Ms.
Cruz’s purse, and she replied that she would give him the purse “with one
condition.”  Pelon
responded, “You don’t give me conditions,” and shot Ms. Cruz, killing her.

            After the murder,
appellant and Pelon visited appellant’s girlfriend.  They told her they attempted to rob a woman
and that Pelon became angry and shot the woman.  Several days later, appellant, in an attempt
to change his appearance, asked his girlfriend to cut his hair.  Appellant also told his girlfriend he was
planning to go to New York.  Several months later, appellant was
apprehended in Pennsylvania and
transported to Texas for
trial.  A jury convicted him of capital
murder and sentenced him to life in prison.

II. 
Analysis and Discussion

A.        Was
there error in the application paragraph of the jury charge?

            In his first issue, appellant
contends the trial court erred by failing to include the requirement that the
murder was committed in furtherance of the unlawful purpose of the conspiracy
in the application paragraph of the jury charge.  The trial court defined the law of parties as
it relates to conspiracy, including in the charge the following statement:

If, in the attempt to carry out a conspiracy to commit one felony,
another felony is committed by one of the conspirators, all conspirators are
guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance
of the unlawful purpose and was
one that should have been anticipated as a result of the carrying out of the
conspiracy.

(emphasis
added).

 

            The pertinent application paragraph
of the jury charge appeared four paragraphs later and omitted the phrase
emphasized above.  The application
paragraph stated:

If you find from the evidence beyond a reasonable doubt that the
defendant, Santos Armando-Alfaro Ramirez, and El Pelon
entered into an agreement to commit the felony offense of robbery of Marina
Cruz, and pursuant to that agreement, if any, they did carry out their
conspiracy and that in Harris County, Texas, on or about the 6th day of
January, 2000, while in the course of committing such robbery of Marina Cruz, El
Pelon intentionally caused the death of Marina Cruz
by shooting Marina Cruz with a deadly weapon, namely a firearm, and that the
murder of Marina Cruz was an offense that the defendant should have anticipated
as a result of carrying out the conspiracy, then you will find the defendant
guilty of capital murder, as charged in the indictment.

 

            Appellant contends the trial court,
in the application paragraph of the jury charge, relieved the State of its
obligation to prove that Ms. Cruz’s murder was committed in furtherance of the
unlawful purpose of the conspiracy.  

            Appellant did not object to the jury
charge; therefore, he must demonstrate that any error resulted in egregious
harm.  Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984).  A determination of egregious harm requires an
examination of the record as a whole.  Id.  We must determine the actual degree of harm
in light of the entire jury charge, the state of the evidence (including the
contested issues and weight of probative evidence), the argument of counsel,
and any other relevant information revealed by the record of the trial as a
whole.  Id.

            A proper charge of the law of
parties includes both an abstract definition and an application paragraph.  See
McFarland v. State, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996). 
Reversible error occurs when the application paragraph contains no
application of the law of parties to the facts and when the evidence raises an
issue on the law of parties.  Chatman v. State, 846
S.W.2d 329, 331–32 (Tex. Crim. App. 1993).  A perfect charge is not necessary, however,
as long as the charge adequately applies the law of parties to the facts.  See id.





 








            Here, the abstract portion of the
charge contained the wording that allowed conviction if the jury found the offense
was committed in furtherance of the unlawful purpose of the conspiracy.  But the application paragraph omitted that
phrase.  In reviewing for charge error,
we must read the charge as a whole in order to flesh out and explain the
application paragraph.  McGowen v. State, 938 S.W.2d
732, 739 (Tex. Crim. App. 1996).  Applying that standard, the charge as a whole
did not relieve the State of its burden of proving that the offense was
committed in furtherance of the unlawful purpose of the conspiracy.  In any event, this omission from the charge
did not result in egregious harm.  See Marvis v.
State, 36 S.W.3d 878, 880 (Tex. Crim. App. 2001).  We
overrule appellant’s first issue.  

B.        Was
trial counsel ineffective in failing to object to the court’s charge?

            In his second issue, appellant
contends his trial counsel rendered ineffective assistance by failing to object
to the trial court’s improper instructions to the jury.  Appellant contends the improper instruction
resulted in the jury finding appellant guilty of capital murder without
requiring that all essential elements be proved beyond a reasonable doubt.

            Both the United
 States and the Texas Constitutions
guarantee an accused the right to assistance of counsel.  U. S.
Const. amend. VI; Tex. Const. art.
I, §10; Tex. Code Crim.
Proc. art. 1.05.  This right
necessarily includes the right to reasonably effective assistance of
counsel.  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). 
To prove ineffective assistance of counsel, appellant must show: (1)
that trial counsel’s representation fell below an objective standard of
reasonableness under prevailing professional norms; and (2) that there is a
“reasonable probability” the result of the proceeding would have been different
but for trial counsel’s unprofessional errors. 
Strickland, 466 U.S. at
688–94.  Appellant must establish both
points by a preponderance of the evidence to show ineffective assistance of counsel.  Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998).

            In assessing appellant’s claims, we
apply a strong presumption that trial counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim.
App. 1999).  We presume counsel’s
actions and decisions were reasonably professional and were motivated by sound
trial strategy.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994).  Appellant has the burden to rebut this
presumption by presenting evidence that shows why trial counsel did what he
did.  See
id.  The record in this case contains
no evidence of the reasoning and strategy underlying appellant’s trial
counsel’s actions.  From this record, one
could conclude there were legitimate and professionally sound reasons for trial
counsel’s conduct or one could speculate that there were not.  As an appellate court, we cannot engage in
such speculation.  See id.  Appellant has failed to demonstrate his trial
counsel was ineffective under the first prong of Strickland. 

            Further, as discussed above, after
reviewing the record and the jury charge as a whole, we conclude that the jury
charge did not relieve the State of its burden to prove the offense was
committed in furtherance of the conspiracy. 
Under these circumstances, appellant has not demonstrated a reasonable
probability that, but for his counsel’s failure to object to the jury charge,
the result of the proceeding would have been different.  Accordingly, appellant has also failed to
meet the second prong of Strickland.  We overrule appellant’s second issue.

C.        Was the evidence legally and factually
sufficient to support the conviction?

 

            In his third issue, appellant
contends the evidence is legally insufficient to support his conviction.  In evaluating a legal-sufficiency challenge,
we view the evidence in the light most favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is not whether we, as a
court, believe the State’s evidence or believe that appellant’s evidence outweighs
the State’s evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim.
App. 1984).  The
verdict may not be overturned unless it is irrational or unsupported by proof
beyond a reasonable doubt.  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).  

 class=Section3>

            A person commits capital murder if
he intentionally or knowingly commits murder in the course of committing or
attempting to commit robbery.  Tex. Pen. Code  § 19.03(a)(2).  Under the law of parties, a person may be
convicted as a party to an offense if the offense is committed by his own
conduct or by the conduct of another for which he is criminally
responsible.  Tex. Pen. Code § 7.01(a).  Section 7.02(a)(2)
of the Texas Penal Code provides that a person is criminally responsible for an
offense committed by the conduct of another if, acting with intent to promote
or assist the commission of the offense, he solicits, encourages, directs,
aids, or attempts to aid the other person to commit the offense.  Section 7.02(b) provides that if, in the
attempt to carry out a conspiracy to commit one felony, another felony is
committed by one of the conspirators, all conspirators are guilty of the felony
actually committed, though having no intent to commit it, if the offense was
committed in furtherance of the unlawful purpose and was one that should have
been anticipated as a result of the carrying out of the conspiracy.  See
Tex. Pen. Code § 7.02(b).


            Because the evidence established
that Pelon, not appellant, shot Ms. Cruz, in finding
appellant guilty of capital murder, the jury necessarily concluded either that
appellant, during the course of robbing Ms. Cruz, intentionally promoted or
assisted in the murder or that, in facilitating a conspiracy to commit robbery,
appellant should have anticipated the act that resulted in Ms. Cruz’s
murder.  See Tex. Pen. Code
§§ 7.02(a)(2), (b).

            The record shows that on the morning
of the offense, appellant and Pelon set out to rob
people near the flea market.  Appellant
knew Pelon had a gun. 
At the time of the robbery, Pelon pointed the
gun at Ms. Cruz and threatened to shoot her. 
Appellant forcefully took Ms. Cruz’s belongings while Pelon pointed the gun at her.  After the murder, the pair abandoned the
property and fled the scene.  They later
admitted the offense to appellant’s girlfriend. 
After learning from a television news report that the perpetrators of
the offense were being sought by police, appellant changed his appearance and
fled the city.  Viewing the evidence in
the light most favorable to the verdict, we find sufficient evidence to support
the conviction.  See Flores v. State, 681 S.W.2d 94, 96 (Tex. App.—Houston [14th
Dist.] 1984), aff’d,
690 S.W.2d 281 (Tex. Crim. App. 1985) (holding murder
should have been 

 class=Section4>

anticipated
as a possible result of burglary where appellant knew companion had a
gun).  We overrule appellant’s third
issue.

            In his fourth issue, appellant
contends the evidence is factually insufficient to support his conviction.  In reviewing factual
sufficiency, we look at all of the evidence in a neutral light and will reverse
a conviction only if the evidence supporting guilt is so obviously weak as to
render the conviction clearly wrong and manifestly unjust or if that evidence,
although adequate when taken alone, is so greatly outweighed by the
overwhelming weight of contrary evidence as to render the conviction clearly wrong and manifestly unjust.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  At trial, appellant did not present evidence,
but relied on his cross-examination of the State’s witnesses.  Appellant’s cross-examination centered on
whether the lighting at the apartment complex was sufficient for the
eyewitnesses to see appellant and whether appellant actually anticipated the
offense.  

            The jury, as the trier
of fact, “was the sole judge of the credibility of witnesses and of the
strength of the evidence.”  Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim.
App. 1999).  The jury
could choose to believe or disbelieve any portion of the witnesses’ testimony.  Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986).  It is apparent from its verdict that the jury
chose to believe the State’s witnesses. 
Having reviewed all of the evidence, we find it is not so weak as to
render the jury’s verdict manifestly unjust, nor is it greatly outweighed by
contrary evidence.  We overrule
appellant’s fourth issue.

            We
affirm the trial court’s judgment.

 

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 27, 2003.

Panel
consists of Justices Anderson, Fowler, and Frost.

Do Not Publish — Tex. R. App. P. 47.2(b).