Affirmed and Memorandum Opinion filed December 20, 2007








Affirmed and Memorandum Opinion filed December 20, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00967-CR

_______________

 

DANIEL ROBERT NORTHRUP, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 04CR0353

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Daniel
Robert Northrup, of capital murder and the trial court imposed a life
sentence.  On appeal, appellant raises three issues, claiming that the evidence
was legally and factually insufficient to support his capital murder conviction
and the trial court erred by not assessing his punishment pursuant to Texas
Penal Code section 15.02(d).  We affirm. 

Background

 

On February 11, 2004, appellant, his
friend, Thomas Justin Thomas, and two other friends went to the residence of
Thomas=s grandparents, William and Pearl
Clement, to burglarize their home.  While appellant, the driver, remained in
the van, Thomas broke down the door and, either alone or in the company of one
of his friends, bludgeoned his grandparents to death with a tire iron.  Shortly
thereafter, appellant and his friends were stopped because the van they were in
matched the description of a vehicle used to flee the scene of an unrelated
nearby robbery and because appellant violated several traffic laws driving the
van.

When the officer who stopped them
approached the van, he discovered a rifle and several other suspicious items in
the van. In response to questions regarding the items, Thomas stated that they
belonged to his grandparents and that the van they were driving belonged to his
mother.  Because Thomas was unable to provide a reasonable explanation for
having his grandparents' belongings in the van, the officer became concerned
that appellant and his friends had burglarized the Clement home.  The officer
radioed dispatch and asked that a call be placed to the Clements' home.  Soon,
he was notified that Athere were two subjects down@ at the Clement home.  The officer
then arrested appellant and his friends.

 

Sufficiency of the Evidence

 

In his first and second issues,
appellant argues that the evidence is both legally and factually insufficient
to support his capital murder conviction because there is neither evidence that
he or Thomas knew the grandparents were at home nor evidence that Thomas told
him what he would do if the grandparents had been at home.  Therefore,
appellant claims he should not have anticipated that Thomas would kill the
grandparents and should not be criminally responsible for Thomas killing them
during the burglary.








In reviewing legal sufficiency, we
examine the evidence in the light most favorable to the verdict to determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006).  Thus, when performing a legal sufficiency review, we
may not re‑evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder.  Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  We must resolve any inconsistencies
in the testimony in favor of the verdict.  Curry v. State, 30 S.W.3d
394, 406 (Tex. Crim. App. 2000).

In reviewing factual sufficiency, we
view all the evidence in a neutral light to determine whether (1) the evidence
in support of the jury's verdict, although legally sufficient, is nevertheless
so weak that the jury's verdict seems clearly wrong and unjust; and (2) in
considering conflicting evidence, the jury's verdict, although legally
sufficient, is nevertheless against the great weight and preponderance of the
evidence.  Watson v. State, 204 S.W.3d 404, 414B17 (Tex. Crim. App. 2006).  We
consider all the evidence and we do not intrude upon the jury=s role of assigning credibility and
weight to the evidence.  Swearingen v. State, 101 S.W.3d 89, 97 (Tex.
Crim. App. 2003).

Under the law applicable in this
case, a person commits the offense of capital murder if he intentionally
commits murder in the course of committing or attempting to commit burglary. 
Tex. Penal Code Ann. ' 19.03(a)(2) (Vernon Supp. 2007). 
Under the law of parties, a person is criminally responsible as a party to an
offense if the offense is committed by his own conduct, by the conduct of
another for which he is criminally responsible, or by both.  Id. ' 7.01(a)(Vernon 2003).  Each party to
an offense may be charged with commission of the offense.  Id. ' 7.01(b)(Vernon 2003).








If, in the attempt to carry out a
conspiracy to commit one felony, another felony is committed by one of the
conspirators, all conspirators are guilty of, and thus criminally responsible
for, the felony actually committed, though having no intent to commit it, if
the offense was committed in furtherance of the unlawful purpose and was one
that should have been anticipated as a result of the carrying out of the
conspiracy.  Id. ' 7.02(b) (Vernon 2003).  A person commits criminal conspiracy
if, with intent that a felony be committed, he agrees with one or more persons
that they or one or more of them engage in conduct that would constitute the
offense.  Id. ' 15.02(a)(1) (Vernon 2003).

In this case, the charge authorized
the jury to convict appellant of capital murder under the conspiracy theory of
the law of  parties.  Appellant does not dispute that, while attempting to
carry out the conspiracy to commit burglary, another felony (capital murder)
was committed by Thomas - one of the co-conspirators.  Rather, he argues that,
because there is no evidence that he knew the grandparents were at home or that
Thomas told him what he would do if the grandparents had been at home, he
should not have anticipated that Thomas would kill them and, thus, should not
be criminally responsible for Thomas killing them during the burglary.

However, regardless of whether
appellant knew the grandparents would be home, the evidence shows that
appellant understood that Thomas would not only physically harm his
grandparents, but that it was a possibility that Thomas would indeed kill them,
if he encountered them at home.  During his video-taped statement, appellant
declared that Thomas in fact told him, before he entered his grandparents= home with a tire iron, that he would
Atake care@ of his grandparents if they were at
home.  Appellant clarified that Atake care of them@ meant that Thomas would Ahurt them, kill them, knock them out.@  Based on the statement Thomas made
before entering his grandparents= home to burglarize it, appellant
could have anticipated Thomas would kill his grandparents if he encountered
them at home.  Further, appellant himself acknowledged that killing the
grandparents during the burglary was an option because Thomas had told him so. 









Because appellant thus should have
anticipated the grandparents= murder, appellant is criminally responsible for their
murder.  Accordingly, we find the evidence is legally sufficient to support
appellant=s conviction, and we overrule appellant=s first issue.  Additionally, having
reviewed all the evidence in a neutral light and considered that we do not
intrude upon the jury=s role of assigning credibility and weight to the evidence,
we find the evidence is factually sufficient to support appellant=s capital murder conviction. 
Therefore, we overrule appellant=s second issue. 

Punishment

In his third issue, appellant
contends that the punishment for his capital murder conviction should have been
assessed pursuant to section 15.02(d) of the Texas Penal Code because the jury
was only authorized to convict him of capital murder as a conspirator. However,
appellant mistakenly asserts that he was convicted based on criminal conspiracy
and should therefore have been punished pursuant to section 15.02(d).  Here,
the charge did not instruct the jury to consider whether appellant was guilty
of the separate offense of criminal conspiracy as set out in section 15.02.  See
Montoya v. State, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989).  Rather,
appellant was charged with capital murder under the conspiracy theory of the
law of parties as contained in section 7.02(b) of the Texas Penal Code and the
charge only incidentally defined conspiracy as contained in that section.  See
id.; Flores v. State, 681 S.W.2d 94, 97 (Tex. App.CHouston [14th Dist.] 1984), aff=d, 690 S.W.2d 281 (Tex. Crim. App. 1985).  

Because the application of section
7.02(b) does not transform a murder case into a conspiracy case, the jury did
not find appellant guilty of conspiracy to burglarize the Clements= home, but it found appellant guilty
of capital murder under the law of parties.  See Wood v. State, 4 S.W.3d
85, 89 (Tex. App.CFort Worth 1999, pet. ref=d).  Additionally, section 7.02(b)
directs that all conspirators are guilty of the felony actually committed and
contains no provision for lowering the range of punishment.  Flores, 681
S.W.2d at 97.  If appellant had been charged with and convicted of the offense
of criminal conspiracy, his punishment would have been assessed pursuant to
section 15.02(d).  See Tex. Penal Code Ann. ' 15.02(d) (Vernon 2003).   However,
because appellant was criminally responsible for the capital murder of William
and Pearl Clement and, therefore, convicted as a party to the capital murder,
appellant=s punishment was correctly imposed.  We therefore overrule 

 








appellant=s third issue and affirm the judgment
of the trial court. 

 

 

 

/s/        Frank C. Price

Senior Justice

 

Judgment rendered and Memorandum
Opinion filed December 20, 2007.

Panel consists of Chief Justice
Hedges, Justice Anderson, and Senior Justice Price.*

Do not publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 









*           Senior
Justice Frank C. Price sitting by assignment.